UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FREDDIE PRENTISS,<br><br>Defendant(s). | Case No. 2:18-CR-243 JCM (BNW)<br><br>ORDER |

Presently before the court is the matter of *United States v. Prentiss*, case number 2:18-cr-00243-JCM-BNW. Defendant Freddie Prentiss and the United States of America (the "government") jointly move to withdraw Prentiss's guilty plea. (ECF No. 88).

On August 14, 2018, a federal grand jury returned a single count indictment against Barrera charging him with interference with commerce by robbery under 18 U.S.C. § 1951. (ECF No. 12). Prentiss was arraigned on the indictment on August 23, 2018, and pleaded not guilty to the single count. (ECF No. 15). Prentiss subsequently withdrew his not guilty plea and pleaded guilty on July 2, 2021. (ECF No. 67). Now, Prentiss and the government seek to withdraw that guilty plea. (ECF No. 88).

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "The decision to allow a defendant to withdraw his plea . . . lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (*en banc*). Although the defendant bears the burden of establishing a fair and just reason, "the 'fair and just' standard is applied liberally."

**James C. Mahan**
**U.S. District Judge**

1  *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015) (citing *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011)).

A defendant may not withdraw his guilty plea "simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676–77 (1997).  However, the district court must review each case in the context in which the motion to withdraw guilty plea arose to determine whether a fair and just reason exists.  *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

Fair and just reasons for withdrawal include: (1) inadequate Rule 11 plea colloquies; (2) erroneous or inadequate legal advice; (3) newly discovered evidence; (4) intervening circumstances; or (5) any other reason for withdrawing the plea that did not exist when the defendant entered his plea.  *See Yamashiro*, 788 F.3d at 1237; *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007).

Here, the parties stipulate and agree that there is a fair and just reason to withdraw Prentiss's plea; the court agrees.  (*See* ECF No. 88 at 3).  While the parties previously stipulated that Prentiss would be considered a career offender for sentencing, newly discovered evidence has revealed that he does not qualify for that status.  (*See* ECF Nos. 69 at 8; 88).  This change has caused the parties to conduct new negotiations with bargaining positions that did not exist when Prentiss entered his plea.  According to the parties, those negotiations led to an entirely new agreement.  (ECF No. 88 at 3).

The court therefore finds that it is fair and just to permit Prentiss to withdraw his guilty plea and will allow him to do so.  The court further finds that the additional delay occasioned by this order is excludable in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D).

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' joint motion to withdraw Prentiss's guilty plea (ECF No. 88) be, and the same hereby is, GRANTED. The court will vacate the sentencing hearing presently set for March 25, 2022. (ECF No. 87).

DATED March 2, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -